Hart, J.
 

 The sole question to be determined is whether the Court of Appeals was justified in reversing the judgment of the Common Pleas Court because-of the failure of the trial judge to charge the jury as-
 
 *302
 
 requested by the defendant after argument of counsel and after the general charge.
 

 The plaintiff claims the reversal was not justified for the following reasons: (1) The trial court, in its general charge to the jury, correctly and adequately stated the law with respect to the preponderance of the evidence and the number -and credibility of the witnesses; (2) the special request submitted by the defendant was not a correct statement of the law; and (3) the trial court is vested with discretion to allow or to refuse requests for special charges which are not submitted until after argument of counsel and after the general charge of the court has been given.
 

 No complaint is made by either party as to the general charge of the trial court on the subject of burden of proof or number of witnesses. The general rule on this subject is stated in 17 Ohio Jurisprudence, 378, Section 301, as follows:
 

 “It is clear, however, that the mere number of witnesses who may support the claim of one or the other of the parties to an action is not to be taken as the basis for solving disputed facts. The decision in a civil action ordinarily is to be according to the preponderance of the evidence, or, as it is sometimes expressed, according to the weight of the evidence. But the weight or the preponderance of the evidence is not determined by the number of witnesses on either side, but by the impression which their testimony makes upon the jury, the' manner of the witnesses, the circumstances attending the transactions, and the character of the testimony itself. * * #
 

 “It cannot be said, however, that no consideration whatever is to be given to the numerical preponderance of witnesses. In cases of conflict of evidence, and especially where all the witnesses are equally intelligent and free from bias, and had equal opportunity of knowledge of the facts as to which they testify, numerical preponderance on one side is entitled to con
 
 *303
 
 sideration, unless there be special reason to credit the evidence of the smaller number.”
 

 Although, it is proper for the court to charge the jury that it may give consideration to the numerical preponderance of the witnesses testifying on one side as to any controverted fact in issue if the jury finds that the testimonial value of each of the witnesses for both sides is equal, such instruction should include a statement of the tests by which the testimonial value of the testimony of the witnesses must be evaluated, such tests being,
 
 inter alia,
 
 credibility, intelligence, freedom from bias, opportunity for observation and knowledge of facts of such witnesses. 17 Ohio Jurisprudence, 379, Section 301; 20 American Jurisprudence, 1044, Section 1190;
 
 Davies
 
 v.
 
 Philadelphia Rapid Transit Co.,
 
 228 Pa., 176, 77 A., 450.
 

 An examination of the requested instruction discloses that it advises the jury that if it finds the witnesses to be equally credible then the number of witnesses testifying for and against the facts should be considered by it. The instruction fails to direct the jury that in considering and comparing the number of witnesses testifying on the one side or the other it shall give consideration, not only to their credibility, but to such other important matters as their candor, intelligence, freedom from bias, opportunity for observation, and knowledge of the facts concerning which they testify.
 
 Madden
 
 v.
 
 Saylor Coal Co.,
 
 133 Iowa, 699, 111 N. W., 57. A proper instruction on this subject should, in general, direct the jury that the preponderance of evidence is not to be determined by the mere number of witnesses testifying as to a controverted fact, but by the probative force of the testimony; and that if the jury finds that any of the witnesses testifying for and any testifying against a controverted fact are equal in testimonial value as determined by all tests of truth or falsity — including credibility, fairness, candor, intelligence, opportunity for observation,
 
 *304
 
 corroboration by other testimony, and freedom from interest in the snit — then the number of such witnesses testifying on each side as to a specific disputed fact may be considered in determining the preponderance .of the evidence on that issue. 20 American Jurisprudence, 1043, Section 1190;
 
 Davies
 
 v.
 
 Philadelphia Rapid Transit Co., supra;
 
 annotation, 93 A. L. R., 166, 169.
 

 Furthermore, the requested instruction does not direct the jury to apply the consideration of the weight of numbers to the establishment or refutation of any specific disputed fact. It does not require that the testimony of' the greater number of witnesses be compared with the testimony of the- lesser number on the same disputed fact. The requested instruction is defective.
 

 It is also the rule, as to requests to charge after argument, that the trial court may properly refuse to give a requested instruction where all the propositions therein contained have been fully and fairly covered by the court in substance although in different form, language or words, in its general chai'ge. 39 Ohio Jurisprudence, 1016, Section 302.
 

 The instruction was not requested until after the .argument to the jury. If it had been given, counsel for plaintiff would have had no opportunity to address the jury on the subject matter of the charge, and the •court under snch circumstances is given wide discretion as to whether the requested charge should be submitted. Aside from that, however, this court is of the opinion that the requested instruction was not a correct statement of the law for reasons above pointed out, and the trial court did not err in refusing to give it. To make the refusal of a request to charge reversible error, the request must be sound law throughout and lacking no required limitation.
 
 Wellston Coal Co.
 
 v.
 
 Smith,
 
 65 Ohio St., 70, 61 N. E., 143, 87 Am. St. Rep., 547, 55 L. R. A., 99.
 

 
 *305
 
 The judgment of the Court of Appeals is reversed and that of the Common Pleas Court affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Zimmerman, Bell and Williams, JJ., concur.