The STATE of Ohio, Appellee,

v.

BARND, Appellant.

[Cite as *State v. Barnd* (1993), 85 Ohio App.3d 254.]

Court of Appeals of Ohio,
Hancock County.

No. 5–92–24.

Decided Jan. 28, 1993.

*Robert Fry,* Hancock County Prosecuting Attorney, and *Martha Jane Cooper,* Assistant Prosecuting Attorney, for appellee.

*J. Stanley Needles,* for appellant.

EVANS, Judge.

This is an appeal by David P. Barnd, Jr. from a judgment of the Court of Common Pleas of Hancock County rendered upon a jury verdict finding him guilty of felonious assault in violation of R.C. 2903.11(A)(1).

This case arose out of a fight which occurred at a Findlay bar on September 1, 1991. The victim, Allen Grogg, claimed he was assaulted by David Barnd, appellant. At trial, the state claimed appellant approached the victim in the bar and pushed him several times for no apparent reason. The victim asked, "What's your problem?" To which appellant responded, "Your face." Appellant then hit the victim on the side of the face with a drinking glass causing multiple lacerations on the victim's left cheek. In contrast, appellant contended the victim bumped into him causing him to spill his drink. A few minutes after this accident, appellant observed the victim laughing and pointing at him. Appellant assumed the victim was laughing at him for having spilled his drink. He proceeded to confront the victim to inquire about the spilled drink. Appellant testified that when he approached the victim, the victim jumped from his seat and pushed appellant, who reacted by shoving the victim. As appellant shoved the victim he "accidentally" hit him in the side of the face with a glass.

An indictment was filed against appellant on September 17, 1991, alleging he caused serious physical harm to Allen Grogg. Appellant pled not guilty to the charge and a three-day jury trial was conducted in April 1992. The jury found appellant guilty of the offense and the court sentenced him to a term of imprisonment for a period of four to fifteen years. From this judgment appellant appeals, asserting four assignments of error.

### First Assignment of Error

"The trial court committed prejudicial error by its failure to instruct the jury that the requisite degree of culpability is required as to each element of the offense."

The defense raised by appellant at trial was that he did not instigate the fight and that the victim's injury was an accident which occurred while appellant was defending himself. Appellant requested the trial court instruct the jury using the language of R.C. 2901.21(A):

"Except as provided in division (B) of this section, a person is not guilty of an offense unless both of the following apply:

"(1) His liability is based on conduct which includes either a voluntary act, or an omission to perform an act or duty which he is capable of performing;

"(2) He has the requisite degree of culpability for each element as to which a culpable mental state is specified by the section defining the offense."

The committee comments to R.C. 2901.21(A) indicate that this statute is the codification of the basic distinction between criminal conduct on the one hand and innocent conduct or accident on the other. Generally an offense is committed when a person does a forbidden act or fails to meet a prescribed duty, and has a guilty state of mind at the time of his act or failure. Depending on the statute defining the offense, the guilty state of mind may be required for one, several, or all of the elements which constitute the offense.

In the present case, appellant was charged with violating R.C. 2903.11(A)(1), which reads: "No person shall knowingly cause serious physical harm to another." A plain reading of this statute indicates that the culpable mental state of "knowingly" attaches to the elements of "causing serious physical harm to another." Thus, in order for the jury to find appellant guilty, it had to find (1) he caused serious physical harm to the victim, and (2) he acted knowingly, *i.e.*, he was aware that his conduct would probably cause the injury. See R.C. 2901.-22(B).

A reviewing court must consider the effect of any alleged erroneous instruction in the context of the overall charge rather than in isolation. *Cupp v. Naughten* (1973), 414 U.S. 141, 146–147, 94 S.Ct. 396, 400–401, 38 L.Ed.2d 368, 373–374; *State v. Price* (1979), 60 Ohio St.2d 136, 14 O.O.3d 379, 398 N.E.2d 772. This rule is applicable to the present situation where appellant claims the trial court erred in failing to give a proposed jury instruction.

The court instructed the jury that appellant had to knowingly cause serious physical harm to the victim. The court defined "knowingly" by using the definition provided in R.C. 2901.22(B). In addition, the court instructed the jury that appellant claimed the injury was the result of an accident, and if it found the evidence to support this claim, it should find appellant not guilty. The court specifically stated:

"The Defendant denies any intent to strike the alleged victim herein, Allen Grogg, with a glass. He denies that he committed an unlawful act, and says that the result was accidental.

"An accidental result is one that occurs unintentionally and without any design or purpose to bring it about. An accident is a mere physical happening or event out of the usual order of things and not reasonably anticipated or foreseen as a natural or probable result of a lawful act."

The trial court did instruct the jury regarding the requisite degree of culpability required for the offense charged, albeit not using the exact language of R.C. 2901.21(A) as requested by appellant. A trial court, however, has discretion to determine and use its own language when incorporating legal principles in jury instructions. *Parma Hts. v. Jaros* (1990), 69 Ohio App.3d 623, 630, 591 N.E.2d 726, 730. Also, a trial court may properly refuse to give a requested special instruction where the propositions of the requested instruction are fully and fairly covered by the court in its general charge. *Rice v. Cleveland* (1944), 144 Ohio St. 299, 304, 29 O.O. 447, 449, 58 N.E.2d 768, 771.

Considering all of the instructions to the jury, the trial court properly and adequately informed the jury of the requirement that appellant had to act knowingly in causing serious physical harm to the victim. The court did not fail to instruct the jury regarding the requisite degree of culpability required by the felonious assault statute. Nor was appellant prejudiced by the court's refusal to duplicate the instruction with the wording of R.C. 2901.21(A).

Appellant's first assignment of error is overruled.

### Second Assignment of Error

"The court committed prejudicial error for its failure to instruct the jury on the issue of self-defense."

In the present case appellant claimed the injury to the victim was an accident which occurred while he was defending himself and that he was entitled to jury instructions on both accident and self-defense. As previously noted, the trial court gave an instruction on accident. The court, however, found that the facts of the case did not warrant an instruction on self-defense and therefore refused to give such an instruction.

If the evidence adduced at trial is legally insufficient to raise the issue of self-defense, the court is not obligated to instruct the jury regarding this claim and has discretion to completely remove it from the jury's consideration. This court has previously considered the appropriateness of a jury instruction on self-defense, stating: "A trial court is not required to instruct the jury on self-defense in every case where it is attempted to be presented. The defendant must first

present sufficient evidence at trial to warrant such an instruction." *Bucyrus v. Fawley* (1988), 50 Ohio App.3d 25, 26, 552 N.E.2d 676, 677.

■ Because appellant claimed the injury was an accident, the trial court did not err in refusing to instruct the jury regarding the law of self-defense. The defenses of accident and self-defense are inconsistent by definition. Accident involves the denial of a culpable mental state and is tantamount to the defendant not committing an unlawful act. In contrast, a defendant claiming self-defense concedes he had the purpose to commit the act, but asserts that he was justified in his actions. The Supreme Court of Ohio has considered this paradox and stated: "Self-defense presumes intentional, willful use of force to repel force or escape force. Accidental force * * * is exactly the contrary, wholly unintentional and unwillful." *State v. Champion* (1924), 109 Ohio St. 281, 286–287, 142 N.E. 141, 143. Although courts have occasionally made exceptions to this general rule and determined that jury instructions on both accident and self-defense are necessary and appropriate under certain facts, that is not the case here. See, generally, Annotation, Accused's Right, in Homicide Case, to have Jury Instructed as to both Unintentional Shooting and Self-defense (1982), 15 A.L.R.4th 983.

■ In the present case the facts support the trial court's decision not to instruct the jury on the law of self-defense. Because appellant claimed the injury was the result of an accident, he was not entitled to a self-defense instruction. Appellant cannot claim in one breath that his smashing the glass in the victim's face was an unintentional accident, and then claim in another breath that he intended to commit the assault, but was justified in so doing. We find no abuse of discretion or error in the trial court's refusal to instruct the jury regarding self-defense.

Appellant's second assignment of error is overruled.

### Third Assignment of Error

"The court committed prejudicial error by excluding testimony concerning the statements of the alleged victim, Allen Grogg, prior to and immediately following the altercation with this defendant."

Anthony Donnell testified for appellant that approximately five or ten minutes after the fight, he walked outside the bar and observed the victim being questioned by a police officer. Donnell spoke briefly with the victim who yelled some obscenities for Donnell to communicate to appellant who had left the scene. Defense counsel asked the witness to tell the jury what the victim had said. The state objected on the grounds of hearsay and the court sustained the objection.

Appellant contends these statements should have been admissible under the hearsay exceptions of Evid.R. 803(1), present sense impressions; Evid.R. 803(2),

excited utterances; and Evid.R. 803(3), then existing mental, emotional or physical condition. Appellant also contends the statements were proper under Evid.R. 404(A)(2), which allows evidence of the character of the victim.

We have reviewed appellant's argument and the transcript and find no statements made by the victim to Donnell prior to the altercation. That portion of this assignment of error is therefore overruled.

The statements made by the victim to Anthony Donnell after the fight were not present sense impressions made while the declarant was perceiving the event. Donnell testified he spoke with the victim five or ten minutes after the fight was concluded. Therefore, the statements were not contemporaneous with the fight and do not fall under this hearsay exception.

Nor were the statements excited utterances. They were a result of the victim's reflecting on the fight and growing angry about having been hit in the face. Certainly after having been hit in the face with a glass the victim would be upset and inclined to make disparaging remarks about his assailant. Also, because the remarks were made after the incident, they did not relate directly to the fight or its cause and are therefore irrelevant.

Next, the statements may have been an example of the victim's state of mind at the time he made them, but again, they were not relevant because they were made five or ten minutes after the fight ended. The injured victim's state of mind after the fight would undoubtedly be different from his state of mind prior to the fight.

Appellant also claims the statements were properly admissible under Evid.R. 404(B) to show the character of the victim and support his claim of self-defense. We disagree. The statements were not proffered into the record. We therefore have no way of knowing exactly what the victim said or how it would relate to his character. The record is clear, however, that the statements were made after the fight when the victim was agitated and angry about his injuries. The statements, made after the fight, were not relevant to show a pertinent trait of the victim's character prior to the fight. Nor were they relevant to show the victim had a violent propensity or did anything to instigate the fight.

Appellant's third assignment of error is overruled.

### Fourth Assignment of Error

"The court committed prejudicial error in not directing a verdict of acquittal for this defendant where the State does not establish serious physical harm."

■ The standard for determining when a Crim.R. 29 motion for acquittal is properly granted was enunciated in the syllabus of *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, where the court stated:

"Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."

"A motion for judgment of acquittal under Crim.R. 29(A) should be granted only where reasonable minds could not fail to find reasonable doubt." *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 23, 514 N.E.2d 394, 399. Further, in reviewing rulings on Crim.R. 29 motions for judgment of acquittal, a reviewing court must construe the evidence in a light most favorable to the prosecution. *State v. Wolfe* (1988), 51 Ohio App.3d 215, 216, 555 N.E.2d 689, 690–691.

■ In making his motion, appellant claimed the state failed, as a matter of law, to establish that the victim suffered "serious physical harm." Applying the standards cited above, we find the trial court did not err in overruling appellant's motion for acquittal. Reasonable minds could reach different conclusions as to whether this material element was proved beyond a reasonable doubt.

R.C. 2901.01(E) defines "serious physical harm to persons" as:

"(1) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;

"(2) Any physical harm which carries a substantial risk of death;

"(3) Any physical harm which involves some permanent incapacity, whether partial or total, or which involves some temporary, substantial incapacity;

"(4) Any physical harm which involves some permanent disfigurement, or which involves some temporary, serious disfigurement;

"(5) Any physical harm which involves acute pain of such duration as to result in substantial suffering, or which involves any degree of prolonged or intractable pain."

After the fight, the victim was transported by ambulance to the emergency room at Blanchard Valley Hospital. The doctor on duty testified the victim had six or seven lacerations, each of which was approximately two centimeters in length. The doctor also indicated he was concerned about the possibility of facial nerve damage due to the depth and complexity of the lacerations. Because the plastic surgeon on staff at the hospital was not available, the emergency room doctor referred the victim to a specialist in Toledo.

The victim testified he received fifty-nine stitches as a result of the lacerations on his left cheek and temple. He also stated that the doctors indicated it would take over a year until the redness on his cheek faded, and that some scarring would be permanent.

The testimony of the victim, the witnesses who saw the injury immediately after the incident occurred, the ambulance attendant, and the emergency room doctor, coupled with state's exhibit 1A, a color photo of the victim taken two days after the incident, and the jury's viewing the victim's cheek at the time of trial provided substantial evidence upon which the jury could reasonably conclude the victim suffered serious physical harm. The trial court did not err by overruling appellant's motion for acquittal.

Appellant's fourth assignment of error is overruled.

Having found no error prejudicial to the appellant herein, in any of the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

HADLEY, P.J., and SHAW, J., concur.