Because I believe that the defendant, Caryle Howe, was entitled to an instruction on self-defense and that the trial court erred in denying the requested instruction, I respectfully dissent.
It is well settled law that where one has not created the danger or failed a duty to retreat, a person confronted with an imminent fear of great bodily harm or death is privileged herself to use deadly force in self-defense. State v. Robbins (1979),58 Ohio St.2d 74, paragraph two of the syllabus.
First, I believe that Howe had met her threshold of proof to demonstrate an imminent fear of great bodily harm or death. Perry had struck Howe and sat on top of her for ten minutes, making it difficult for Howe to breath. Using her nails to scratch Perry, Howe fled the bedroom toward the kitchen. Perry cut off the exit to the residence and approached her. Only then did Howe reach for a steak knife and waive it at Perry. When Perry came at Howe, Howe's knife perforated Perry's chest and heart. Howe withdrew the knife. After Perry collapsed, Howe called 911.
On the facts presented in the record, there was evidence that Perry attacked Howe in a life-threatening manner, which in turn would have privileged Howe to use deadly force in her defense.
Second, while I agree that the defense of accident is incongruous with self-defense, I believe that there is no such incongruity in this case. See State v. Barnd (1993), 85 Ohio App.3d 254,260. Witness testimony should not be read in a vacuum, so that the mere incantation of the term "accident" by the defendant on the witness stand does not ipso facto vitiate self-defense. I would view Howe's testimony of "[i]t was an accident," in its full context. Viewed in this way, it is evident that Howe is referring to Perry's death as an accident, but not her use of the deadly force. Certainly, one can intend to use deadly force but not necessarily intend to kill. The result of the deadly force, and whether such a result was intended, is of no moment legally to the question of whether Howe was confronted with a reasonable fear of great bodily harm or death at the time she employed deadly force. I believe that Howe put forth sufficient evidence demonstrating that she was confronted with such a reasonable fear. Accordingly, I believe that the trial court should have charged the jury on self-defense.
I respectfully dissent.