JOURNAL ENTRY and OPINION
Plaintiff-appellant Susan Shumar appeals from the amount of the award granted to her for her personal injury claims in the court below. Specifically, Shumar argues that the trial court erred in giving the jury a failure to mitigate instruction; that the trial court improperly granted defendant-appellee Anne Kopinsky's motion to amend pleadings to conform to the evidence; and that the trial court erred in denying Shumar's motion for new trial because the damages awarded by the jury were inadequate and against the manifest weight of the evidence. For the reasons below, we affirm the decisions of the trial court.
On December 7, 1996, while making a left-hand turn, Kopinsky crashed into Shumar's vehicle. As a result of this accident, Shumar's shoulder, neck and back were injured. Shumar filed a personal injury suit against Kopinsky on November 25, 1998.
On February 5, 1998, defendant-appellee Victor Marquardt's car crashed into the rear of Shumar's vehicle. Shumar was still continuing to receive medical treatment for her previous injuries at the time of this second accident. On June 11, 1998, Shumar filed an amended complaint, adding Marquardt as a party-defendant.
Prior to trial, both Kopinsky and Marquardt stipulated that they were negligent in the respective accidents. Thus, the only issues to be determined at trial were proximate cause, injuries and the amount of damages to which Shumar was entitled.
The jury returned a general verdict in Shumar's favor in the amount of $15,000. The jury found that Kopinsky was 95% negligent and Marquardt was 5% negligent.
Shumar raises the following assignments of error:
 I. THE TRIAL COURT ERRED IN ISSUING A JURY INSTRUCTION THAT PERMITTED THE JURY TO CONSIDER WHETHER OR NOT THE APPELLANT FAILED TO MITIGATE HER DAMAGES.
Shumar maintains that the evidence did not support giving the jury a failure to mitigate charge.
A court will not instruct the jury where there is no evidence to support an issue, or where abstract rules of law or general propositions, even though correct, are not applicable to a given case. Stewart v. Hoffman (Apr. 21, 1994), Cuyahoga App. No. 65099, unreported, citing, Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591,575 N.E.2d 828; State v. Guster (1981), 66 Ohio St.2d 266, 421 N.E.2d 157.
It is a general principle of law that a plaintiff who is injured by the tort of another has a duty to mitigate and may not recover damages for harm that could have been avoided with reasonable effort or expenditure thereafter. Johnson v. Univ. Hosp. of Cleveland (1987), 44 Ohio St.3d 49,57, 540 N.E.2d 1370 (citations omitted.) However, a charge on mitigation of damages in a tort case should only be given where there is evidence that the injured party did not take all the steps necessary to ensure that he or she does not exacerbate the already existing injury or injuries, e.g., through ignoring medical advice or acting in a careless manner. Stewart, supra.
This court will not reverse the decision of the trial judge relating to whether sufficient facts existed to support a jury instruction absent an abuse of discretion. State v. Kelly (July 12, 2001), Cuyahoga App. No. 78422, unreported, citing, State v. Barnd (1993), 85 Ohio App.3d 254,260, 619 N.E.2d 518, 521-522.
As discussed below, ample evidence existed to support a finding that Shumar took measures to mitigate her damages. However, there was also evidence presented to the jury to support a failure to mitigate charge. For instance, both Shumar and her fiance testified that despite her complaints of severe back and shoulder pain, Shumar purchased a Harley Davidson motorcycle in 1998 and rode it at least 500 miles since she bought it. Also, Dr. Michael E. Saridakis, Shumar's primary physician, testified that he had recommended that she attend physical therapy sessions three times per week. The evidence established that, although she attended several physical therapy sessions, she did not attend the sessions three times per week as recommended. Dr. Saridakis also testified that Shumar's recovery could be hindered if she did not follow his recommendation of attending physical therapy sessions three times per week.
We find that although the evidence supporting a charge of failure to mitigate was not voluminous, facts existed to support the charge. Therefore, the trial court did not abuse its discretion. Thus, Shumar's first assignment of error is overruled.
 II. THE TRIAL COURT ERRED IN GRANTING APPELLEE KOPINSKY'S POST-TRIAL MOTION FOR LEAVE TO FILE AN AMENDED ANSWER ENABLING HER TO ASSERT A FAILURE TO MITIGATE DEFENSE.
In the second assignment of error, Shumar argues that the trial court erred by permitting Kopinsky to amend her answer after the trial to include the affirmative defense of failure to mitigate damages.
The grant or denial of leave to amend a pleading is discretionary and will not be reversed absent an abuse of discretion. State ex rel. Askew v. Goldhart (1996), 75 Ohio St.3d 608; 665 N.E.2d 200; Patterson v. V M Auto Body (1992), 63 Ohio St.3d 573, 576, 589 N.E.2d 1306, 1309; Civ.R. 15(A). An abuse of discretion connotes a decision that is unreasonable, arbitrary or unconscionable. State ex rel. Master v. Cleveland (1996),75 Ohio St.3d 23, 27, 661 N.E.2d 180, 184.
Failure to mitigate damages is an affirmative defense. Young v. Frank's Nursery Crafts, Inc. (1991), 58 Ohio St.3d 242, 244, 569 N.E.2d 1034. Affirmative defenses, other than those specified in Civ.R. 12(B), are waived if not raised in a pleading, pursuant to Civ.R. 8(C), or an amended pleading, pursuant to Civ.R. 15. See Jim's Steak House, Inc. v. Cleveland (1998), 81 Ohio St.3d 18, 20, 688 N.E.2d 506.
Civ.R. 15(B) provides:
 When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.
 Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.
Thus, a trial court may allow a party to amend pleadings in order to add an affirmative defense raised by the evidence at trial where the affirmative defense is tried with the express or implied consent of the parties and/or where the other party will not be unfairly prejudiced. Telmark, Inc. v. Liff (Sept. 21, 1998), Madison App. No. 98-01-004, unreported; see McCabe/Marra Co. v. Dover (1995), 100 Ohio App.3d 139,148, 652 N.E.2d 236; Blevins v. Sorrell (1990), 68 Ohio App.3d 665,671-672, 589 N.E.2d 438.
As stated above, questions regarding Shumar's failure to mitigate her damages by not following doctor's orders were asked during the depositions of Dr. Saridakis and Dr. Yue P. Mok. Further, both Shumar and her fiance were questioned regarding her purchase of a motorcycle despite her alleged pain. Shumar did not object to this testimony either during the deposition, or at trial. Thus, the issue of mitigation of damages was tried with the express or implied consent of Shumar.
Shumar also failed to argue or provide any evidence that she was unfairly prejudiced by the admission of evidence concerning mitigation. Further, although Kopinsky did not raise this affirmative defense in her answer, Marquardt did; thus, the issue of mitigation was expressly raised prior to trial. Therefore, even though Kopinsky's answer was amended after the trial, Shumar was already on notice of the affirmative defense because Marquardt had raised it.
Accordingly, the trial court did not abuse its discretion by allowing Kopinsky to amend her answer to include the affirmative defense of failure to mitigate damages. As such, Shumar's second assignment of error is overruled.
 III. THE TRIAL COURT ERRED IN DENYING PLAINTIFF-APPELLANT'S MOTION FOR NEW TRIAL.
Shumar argues that the trial court was required to grant her a new trial because the jury's award was inadequate and against the manifest weight of the evidence. Specifically, Shumar argues that the jury was required to award her a reasonable amount for pain and suffering.
Civ.R. 59 governs the granting of new trials. It provides in pertinent part that:
 A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
* * *
 (6) The judgment is not sustained by the weight of the evidence * * *.
A reviewing court will not disturb a trial court's ruling on a motion for a new trial absent an abuse of discretion. See Woolley v. Farmer Jones Farms (Oct. 19, 2000), Cuyahoga App. No. 77232, unreported, citing, Sharp v. Norfolk Western Ry. Co. (1995), 72 Ohio St.3d 307,312, 649 N.E.2d 1219.
Further, damages awarded in personal injury actions are particularly within the province of the jury, and a party's disagreement with the jury verdict does not warrant the setting aside of the verdict. Litchfield v. Morris (1985), 25 Ohio App.3d 42, 43-44, 495 N.E.2d 462; Henderson v. Mallory (Apr. 19, 2001), Cuyahoga App No. 77824, unreported; Gedetsis v. Anthony Allega Cement Contr. (Sept. 23, 1993), Cuyahoga App. No. 64954, unreported.
We agree with Shumar's argument that the weight of the evidence does not support a finding that Shumar failed to mitigate her damages. Although we have noted above that some facts existed to support a finding that Shumar failed to mitigate her damages, the weight of the evidence does not support such a finding.
A review of the record establishes that between December 7, 1996 and February 11, 1998, Shumar saw her primary physician, Dr. Saridakis, a total of 13 times for treatment relating to her injuries.
According to Dr. Saridakis' deposition, he recommended on December 27, 1997 that Shumar attend physical therapy three times per week. On January 11, 1998, Shumar attended her first physical therapy session. Pursuant to the notes from that meeting, the physical therapist recommended that Shumar attend physical therapy two to three times per week for four to six weeks. Contrary to Kopinsky's and Marquardt's contention, Shumar attended 12 physical therapy sessions in her first six weeks of treatment; thus, she complied with the medical recommendation. Thereafter, she attended 26 more physical therapy sessions during the remainder of 1997.
In January 1998, Dr. Saridakis referred Shumar to Dr. Mark Allen for pain management. Dr. Allen met with her on January 9, 1998 and January 30, 1998. On February 3, 1998, Dr. Allen recommended she seek massotherapy treatment. Her last massotherapy treatment was on February 27, 1998. She was discharged from the treatments in April 1998.
On August 30, 1999, she met with Dr. Yue P. Mok for acupuncture treatment. On October 4, 1999, she again met with Dr. Mok to discuss the cost of treatment because her insurance would not cover the treatment. On November 8, 1999, she began acupuncture and paid for the treatments herself. At first, Dr. Mok recommended that she have the treatments once a month for six months. Her next treatments were on December 20, 1999 and February 11, 2000. At the February session, Dr. Mok advised her that she would not have to return for three months, because she was improving faster than expected. Her last acupuncture treatment took place on June 28, 2000.
Based on the foregoing, it is clear that Shumar took action to mitigate her injuries and damages by following the recommended medical treatment.
Nonetheless, we find that the trial court did not err in denying her motion for new trial. Shumar assumes that the jury's decision was inadequate because of the failure to mitigate charge. However, her argument is based on speculation because the jury returned a general verdict that did not state how it calculated the amount awarded to Shumar.
It is just as likely that the jury decided not to award Shumar any damages for her loss of wage claim. The evidence submitted would support such a finding.
In support of her claim for damages Shumar presented her medical bills which totaled $10,153.75. In addition, she claimed to have lost $8,000 in wages. Shumar testified that she calculated this estimate based on her salary for the years 1996, 1997, and 1998. Shumar's salaries were $88,927.40, $84,112.01 and $91,930.48, respectively. Shumar averaged her salaries, and based on a 2,000 hour work year, calculated that she makes approximately $40 an hour. She estimated that she missed 200 hours of work due to medical appointments. She testified that she did not miss any other time due to her injuries.
In contrast, Kopinsky and Marquardt noted the uncertainty of this estimate considering that Shumar was a salesperson whose entire salary was based completely on commission. They argued that even if the gap between her 1996 and 1997 salaries was considered, Shumar could only prove a loss of approximately $4,800 in wages.
Based on this evidence, the jury could reasonably find that Shumar did not lose any wages due to her injuries. Therefore, the $15,000 award could consist of $10,000 for her medical bills and $5,000 for her pain and suffering.
Thus, based on our review of the record, we find the trial court did not abuse its discretion when it found the judgment was supported by substantial, competent, and credible evidence.
Furthermore, we find no evidence that the jury was inflamed by passion or prejudice in making its decision. Absent evidence to the contrary, jury verdicts are presumed to be based on the evidence presented at trial. Prudential Ins. Co. of America v. Hashman (1982), 7 Ohio App.3d 55,454 N.E.2d 149; Henderson; Koler.
Accordingly, we find that the trial court did not err in denying Shumar's motion for a new trial.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, J., CONCURS; FRANK D. CELEBREZZE, JR., P.J., CONCURS IN JUDGMENT ONLY.