[Cite as *State v. Earich*, 2024-Ohio-477.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

GLENN EDWARD EARICH, JR.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 CO 0015**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2019 CR 468

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, Judges,
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino*, Columbiana County Prosecutor, and *Atty. Shelley M. Pratt*, Assistant Prosecuting Attorney, Columbiana County Prosecutor's Office*,* for Plaintiff-Appellee and

*Atty. Catherine Meehan*, Patituce & Associates, LLC, for Defendant-Appellant.

Dated:  February 8, 2024

**HANNI, J.**

{¶1} Defendant-Appellant, Glenn Edward Earich, Jr., appeals from a Columbiana County Common Pleas Court judgment convicting him of felonious assault, following a guilty plea.

{¶2} On June 30, 2019, a group of people were gathered at Bill McMillen's trailer to socialize and drink. In attendance were Bill, Bill's son Dustin, Heath Thibedeau, Heath's daughter Jasmine, Jasmine's friend Ivy, Heath's girlfriend Tammy, and Appellant. According to several of the individuals, Heath was drunk and passed out on a chair on the porch. At some point, Heath dropped a bottle of moonshine Appellant gave to him. The bottle fell to the porch. Heath leaned over. Appellant, who was wearing steel-toe boots, then kicked Heath in the face. Heath only remembers waking up in the hospital. He suffered a broken nose and multiple facial fractures. When Heath left the hospital, he filed a police report.

{¶3} Appellant never denied kicking Heath in the face. He even tried to apologize after kicking Heath. Later, Appellant claimed that he acted in self-defense because he thought Heath had made a sudden move toward him.

{¶4} On October 18, 2019, a Columbiana County Grand Jury indicted Appellant on one count of felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(1). Appellant entered a not guilty plea.

{¶5} The matter proceeded to a jury trial. At the close of evidence, the parties had a discussion regarding the jury instructions. Specifically, Appellant requested a jury instruction on self-defense. The State opposed this instruction. The trial court eventually determined a self-defense instruction was not warranted.

{¶6} After the court's decision regarding the self-defense instruction, Appellant and Plaintiff-Appellee, the State of Ohio, entered into a plea agreement. So, the case did not proceed to a jury verdict. Pursuant to the agreement, Appellant entered a guilty plea to the charge in the indictment. The parties jointly agreed to recommend an eight-year sentence. They further agreed to recommend that the sentence in this case run concurrently with any sentence imposed in another criminal case Appellant had pending

in Columbiana County for failure to register (Case No. 19-CR-579), which carried a mandatory three-year sentence.

{¶7} The trial court sentenced Appellant to an indefinite prison term of eight to 12 years. It ordered Appellant to serve this sentence concurrently with his three-year sentence in Case No. 19-CR-579.

{¶8} This Court granted Appellant's motion for leave to file a delayed appeal, which he filed on March 9, 2023. He now raises two assignments of error for our review.

{¶9} Appellant's first assignment of error states:

APPELLANT'S SIXTH AMENDMENT RIGHTS WERE VIOLATED WHEN TRIAL COUNSEL FAILED TO PROPERLY ADVISE OF THE EFFECTS OF A GUILTY PLEA AS IT RELATED TO THE FORECLOSURE OF APPELLATE ISSUES.

{¶10} Appellant argues his trial counsel was ineffective for failing to advise him that he was forfeiting his appellate rights by pleading guilty. He notes that his case had proceeded through an entire trial and when the trial court denied his request for a self-defense instruction, his counsel advised him to plead guilty. He took his counsel's advice and, as a result, is now unable to challenge on appeal the denial of the self-defense instruction. Had counsel advised him to plead no contest instead, Appellant states he would still have been able to challenge the trial court's denial of the self-defense instruction on appeal. Moreover, Appellant argues he received no benefit for pleading guilty.

{¶11} Appellant claims the State presented evidence that he did not act in self-defense while he presented evidence that he did act in self-defense. This conflicting evidence, Appellant asserts, was enough to warrant a self-defense instruction and submit the issue to the jury to determine which evidence was more credible.

{¶12} To prove an allegation of ineffective assistance of counsel, the Appellant must satisfy a two-prong test. First, the Appellant must establish that counsel's performance has fallen below an objective standard of reasonable representation. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the

syllabus. Second, the Appellant must demonstrate that he was prejudiced by counsel's performance. *Id.* To show that he has been prejudiced by counsel's deficient performance, the Appellant must prove that, but for counsel's errors, the result of the trial would have been different. *Bradley*, at paragraph three of the syllabus.

{¶13} The appellant bears the burden of proof on the issue of counsel's ineffectiveness. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999). In Ohio, a licensed attorney is presumed competent. *Id.*

{¶14} Firstly, Appellant contends his counsel failed to advise him that he was giving up his right to appeal by pleading guilty. But from the record we can glean that Appellant was in fact aware that by pleading guilty he was waiving his right to appeal. In the document titled "Defendant's Response to Court", one of the questions posed to Appellant stated: "Do you fully realize that, by your offer to plead guilty, you surrender the right to challenge everything that happened before you offered to plead guilty?" Appellant acknowledged that he understood this by answering "yes" to this question and signing the document. At the change of plea hearing, Appellant informed the court that he reviewed that document with his attorney before signing it. (Plea Tr. 12-14). Appellant told the court that he did not have any questions regarding it. (Plea Tr. 12-14). Thus, Appellant acknowledged that he realized he was giving up his right to challenge everything that occurred before his plea (including any rulings made during trial).

{¶15} Secondly, Appellant claims his counsel should have advised him to plead no contest instead of pleading guilty so that he would preserve his appellate rights. But there is no indication on the record that the State offered a no contest plea as part of the plea negotiations or that the State would have even agreed to a no contest plea.

{¶16} Thirdly, Appellant argues he received no benefit from the State for pleading guilty. This is not the case, however. In addition to the charge in this case, Appellant was also facing a charge for a third-degree felony for failure to register in Case No. 2019-CR-579. Appellant pleaded guilty to that charge, which carried a mandatory three-year prison sentence. The court sentenced him to three years in Case No. 2019-CR-579 to be served concurrently with the sentence in this case. The court could have ordered Appellant's sentences in the two cases to be served consecutively. As part of the plea deal in this case, the State agreed to recommend that Appellant serve his two sentences

Case No. 23 CO 0015

concurrently. Thus, the benefit that Appellant gained from pleading guilty in this case was the recommendation from the State, which the trial court agreed to, to have his two felony sentences run concurrently.

**{¶17}** Finally, Appellant cannot demonstrate any prejudice. Had Appellant been able to challenge on appeal the trial court's decision not to instruct the jury on self-defense, he would not have prevailed.

**{¶18}** When reviewing a trial court's jury instructions, the proper standard of review of the trial court's refusal to give a requested jury instruction is whether such refusal constituted an abuse of discretion under the facts and circumstances of the case. *State v. Everson*, 7th Dist. Mahoning No. 12 MA 128, 2016-Ohio-87, ¶ 58. Abuse of discretion implies that the trial court's judgment is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶19}** A trial court is not required to give a jury instruction requested by a defendant if the evidence offered is "legally insufficient" to support the issue raised in the instruction. *State v. Sims*, 7th Dist. Columbiana No. 19 CO 0035, 2021-Ohio-2334, ¶ 8, citing *State v. Barnd*, 85 Ohio App.3d 254, 259, 619 N.E.2d 518 (3d Dist.1993). If the evidence offered in support constitutes "mere speculation," that evidence is insufficient to raise the defense and the requested instruction is not warranted. *Id.*, citing *State v. Melchoir*, 56 Ohio St.2d 15, 20, 381 N.E.2d 195 (1978).

**{¶20}** When a defendant raises self-defense, in order to convict a defendant of felonious assault, the State must prove beyond a reasonable doubt that the defendant: "(1) was at fault in creating the situation giving rise to the incident; (2) did not have a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was the use of force; and (3) violated the duty to retreat or avoid danger." *Id.* at ¶ 10.

**{¶21}** In this case, Jasmine, Dustin, and Tammy all testified that Heath was passed out sitting in a chair on the porch when Appellant attempted to hand him a bottle of moonshine. (Trial Tr. 140, 153, 168). Heath dropped the bottle. (Trial Tr. 140, 153, 168). Each of the three witnesses testified that Appellant then kicked Heath in the face.

(Trial Tr. 140153-154, 169).  Each of the witnesses also testified that Heath did not make any threatening moves toward Appellant.  (Trial Tr. 142, 154, 169-170).

**{¶22}** Appellant, however, testified that Heath "made a sudden move" toward him so Appellant kicked him.  (Tr. 210, 212).  Appellant stated that he felt stressed and tense at that moment.  (Trial Tr. 213).  Without being specific, Appellant testified that Heath had threatened him once in the past.  (Trial Tr. 207).  Appellant also testified that after he kicked Heath, he apologized to him and shook his hand.  (Trial Tr. 212).

**{¶23}** Officer Channing Hank contacted Appellant regarding the allegations against him.  Appellant admitted that he kicked Heath and advised the officer that he had apologized for his conduct.  (Trial Tr. 192).  Appellant told the officer that he had been intoxicated at the time.  (Trial Tr. 192).  Appellant never mentioned to the officer that he was fearful of Heath or that he acted in self-defense.  (Trial Tr. 192-193).

**{¶24}** Given this evidence, had Appellant been able to challenge the trial court's denial of a self-defense instruction on appeal, the result here would be the same.  The evidence was sufficient to prove that Appellant was at fault in creating the situation.  Moreover, the evidence demonstrated that Appellant could have easily retreated from the situation.  The trial court did not abuse its discretion in refusing to give a self-defense instruction.  Thus, Appellant cannot prove the prejudice necessary for a claim of ineffective assistance of counsel.

**{¶25}** Based on all of the above, Appellant cannot demonstrate that his counsel was ineffective.

**{¶26}** Accordingly, Appellant's first assignment of error is without merit and is overruled.

**{¶27}** Appellant's second assignment of error states:

THE TRIAL COURT ERRED WHEN IT ACCEPTED APPELLANT'S GUILTY PLEA AFTER IMPROPERLY INSTRUCTING ON THE EFFECT OF SAID PLEA DURING THE CRIMINAL RULE 11 PLEA COLLOQUY.

**{¶28}** Here, Appellant asserts the trial court failed to advise him of the effect of his guilty plea.  He alleges the trial court failed to substantially comply with Crim.R. 11(C)

Case No. 23 CO 0015

when it neglected to inform him that the effect of a guilty plea is a complete admission of guilt. Thus, Appellant claims this court must vacate his plea.

**{¶29}** When determining the validity of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Trubee*, 3d Dist. Marion No. 9-03-65, 2005-Ohio-552, ¶ 8, citing *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463 (1970). Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing, intelligent, and voluntary, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. Mahoning No. 03 MA 196, 2004-Ohio-6806, ¶ 11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709 (1969).

**{¶30}** Because Appellant has asserted that he did not enter his plea knowingly, voluntarily, and intelligently, we must examine the plea colloquy to determine if the trial court met all of the requirements that Crim.R. 11(C) demands.

**{¶31}** A trial court must strictly comply with Crim.R. 11(C)(2) pertaining to the waiver of five federal constitutional rights. *Martinez*, 2004-Ohio-6806, ¶ 12. These rights include the right against self-incrimination, the right to a jury trial, the right to confront one's accusers, the right to compel witnesses to testify by compulsory process, and the right to proof of guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c).

**{¶32}** A trial court need only substantially comply with Crim.R. 11(C)(2) pertaining to non-constitutional rights such as informing the defendant of the nature of the charges, the maximum penalty, that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence, and the effect of the plea of guilty or no contest. Crim.R. 11(C)(2)(a)(b).

**{¶33}** The trial court strictly complied with Crim.R. 11(C)(2) pertaining to the waiver of Appellant's federal constitutional rights. (Plea Tr. 19-21). Appellant does not take issue with this.

**{¶34}** As to the non-constitutional rights, the court informed Appellant of the nature of the charges and the maximum penalty he faced. (Plea Tr. 15-17). The court also told Appellant that upon acceptance of his plea, it could proceed immediately to sentencing.

(Plea Tr. 12). As to these non-constitutional rights, the court substantially complied with Crim.R. 11(C)(2)(a)(b). But the trial court did not specifically inform Appellant on the record of the effect of his plea.

**{¶35}** "To satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)." *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, paragraph two of the syllabus. Pursuant to Crim.R. 11(B), the effect of a guilty plea "is a complete admission of the defendant's guilt."

**{¶36}** The Ohio Supreme Court has held: "A defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, *a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial.*" (Emphasis added); *State v. Griggs*, 103 Ohio St.3d 85, 814 N.E.2d 51, 2004-Ohio-4415, at the syllabus. The *Griggs* Court also found important the fact that the defendant understood the rights that he waived by pleading guilty. *Id.* at ¶ 19.

**{¶37}** Here, the trial court's failure to advise Appellant of the effect of his guilty plea at the change of plea hearing was not prejudicial. Appellant never asserted actual innocence in this case. He has admitted all along that he assaulted Heath, although at trial he claimed it was in self-defense.

**{¶38}** Moreover, in the document "Defendant's Response to Court", the court inquired of Appellant: "Do you fully realize that when you complete your Response to Court under oath, you are confessing that you are truly guilty of committing the crime to which you plead guilty and by doing so, this is as much a conviction as if a jury found you guilty?" Appellant answered "yes" and signed the document. At the change of plea hearing, Appellant told the court that he signed this document. (Plea Tr. 13). The court asked Appellant if he reviewed this document with his attorney before he signed it and if his attorney answered any questions he had regarding it. (Plea Tr. 13-15). Appellant indicated that he reviewed the document and that his attorney answered any questions he had about it. (Plea Tr. 13-15). These events demonstrate substantial compliance with Crim.R. 11(C)(2) as to informing Appellant of the effect of his guilty plea.

{¶39} Accordingly, Appellant's second assignment of error is without merit and is overruled.

{¶40} For the reasons stated above, the trial court's judgment is hereby affirmed.

Robb, P.J., concurs.

Klatt, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**