[Cite as *State v. Suarez*, 2011-Ohio-1438.]

IN THE COURT OF APPEALS OF GREENE COUNTY, OHIO

STATE OF OHIO                    :

     Plaintiff-Appellee          :          C.A. CASE NO. 10CA0008

vs.                              :          T.C. CASE NO. 09CRB2004

DAVID M. SUAREZ                  :          (Criminal Appeal from
                                      Municipal Court)
     Defendant-Appellant         :

         . . . . . . . . .

O P I N I O N

Rendered on the 25th day of March, 2011.

         . . . . . . . . .

Betsy A. Deeds, Atty. Reg. No.0076747, Asst. Pros. Attorney, 510 West Main Street, Fairborn, OH 45324
     Attorney for Plaintiff-Appellee

Jessica R. Moss, Atty. Reg. No.0085437, P.O. Box 341148, Dayton, OH 45434
     Attorney for Defendant-Appellant

         . . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, David M. Suarez, appeals from his conviction for assault, R.C. 2903.13(A), and the one hundred and eighty-day jail term and one hundred dollar fine imposed for that first degree misdemeanor offense.

{¶ 2} The events from which Defendant's conviction arose occurred on May 27, 2009, at Defendant's home in Fairborn. A number of people had gathered there for a party and consumed alcohol. One of them, Andrew Rowe, became upset when another man inappropriately touched a female, who was Rowe's girlfriend. Rowe yelled at those present, and when he was then made to leave was assaulted by several of the other men.

{¶ 3} Most of those present, including Defendant, fled after the assault, which left Rowe bleeding and unconscious on the basement floor. Police and medics were called, and Rowe was transported to a hospital. Rowe suffered a concussion, a cut lip, and significant bruising and swelling to his face. The injuries required stitches to close wounds to his lip and left eye.

{¶ 4} Defendant Suarez was charged by a complaint filed in Fairborn Municipal Court with assault. R.C. 2903.13(A). The charge was tried to a jury. Defendant and his witnesses testified that Rowe was very intoxicated and became upset when he witnessed the event involving his girlfriend. Defendant then asked Rowe to leave. Rowe went upstairs, briefly, but returned to the basement and threatened to fight everyone there. Rowe and another man began to fight, at which time Defendant left his home. Defendant denied ever hitting or using force against Rowe.

{¶ 5} The State's witnesses testified that Rowe was attacked and severely beaten by three men, including Defendant Suarez. Christy Combs testified that Defendant struck Rowe in the face several times. Sidney Bunnow testified that Defendant hit Rowe several times. Lauren Smith, a friend of Defendant's, testified that Defendant hit Rowe twice.

{¶ 6} The jury found Rowe guilty of assault and he was convicted and sentenced pursuant to law. Defendant appeals from his conviction, presenting two assignments of error for our review.

<u>FIRST ASSIGNMENT OF ERROR</u>

{¶ 7} "THE TRIAL COURT ERRED BY FAILING TO INSTRUCT THE JURY ON THE CASTLE DOCTRINE."

{¶ 8} The trial court must give all instructions that are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder. *State v. Comen* (1990), 50 Ohio St.3d 206. The court must correctly instruct on the elements of the offense charged and all defenses raised by the evidence. *State v. Williford* (1990) 49 Ohio St.3d 247.

{¶ 9} Crim.R. 30 provides that "any party may file written requests that the court instruct the jury on the law as set forth in the requests." If a defendant has properly requested a particular instruction, in accordance with Crim.R. 30, the court errs if it fails to include the substance of the written instruction

in its charge to the jury. *State v. Comen*.

{¶ 10} Self-defense is an affirmative defense which, if proved, relieves a defendant of criminal liability for force the defendant used. "The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused." R.C. 2901.05(A).

{¶ 11} R.C. 2901.09(B) codifies a form of self-defense known as the "Castle Doctrine," and provides:

{¶ 12} "For purposes of any section of the Revised Code that sets forth a criminal offense, a person who lawfully is in that person's residence has no duty to retreat before using force in self-defense, defense of another, or defense of that person's residence, and a person who lawfully is an occupant of that person's vehicle or who lawfully is an occupant in a vehicle owned by an immediate family member of the person has no duty to retreat before using force in self-defense or defense of another."

{¶ 13} Following the court's general instructions to the jury, and before the jury retired, Defendant requested the court to give the following additional instruction: "But if you find the Defendant used only such force as was reasonably necessary to remove Mr. Rowe from the premises . . ., you must find the Defendant not guilty . . . , (and in) [m]aking this determination, you may not

attribute the force used by others" to the Defendant. (Tr. 253). When the court asked Defendant's counsel for the reason for the request, counsel stated:

{¶ 14} "There was some testimony that he had the authority, since he was residing there, although he was not on the lease, and I think it was Lindsey that testified to that, that he had authority to remove people. He had attempted – he had orally told the man several times, and I think it was Lauren testified that maybe he punched him, and maybe he pushed him, and this was towards the area which had the corner and the staircase."

{¶ 15} The trial court has discretion to give or refuse to give additional instructions a party requests. *Rice v. City of Cleveland* (1944), 144 Ohio St. 299. We may not reverse a conviction for the court's refusal to give a requested additional instruction absent an abuse of discretion. An abuse of discretion is an attitude that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83.

{¶ 16} The trial court denied Defendant's request for an additional instruction on self-defense authorized by R.C. 2901.09(B). We find no abuse of discretion.

{¶ 17} R.C. 2901.09(B) exempts an accused from criminal liability arising from conduct involved "using force in self-defense" in certain circumstances. Being an affirmative

defense, the burden of proving a particular claim of self-defense is on the accused. R.C. 2901.05(A). If the conduct in which the accused engaged involved no use of force, then R.C. 2901.09(B) has no application.

{¶ 18} Defendant's own testimony, supported by the other evidence he offered, was that he did not participate in the assault on Rowe. Implicit in that claim is the contention that Defendant used no force at all.

{¶ 19} The State's evidence demonstrated that Defendant used force against Rowe. However, on this record, it would be inconsistent with the burden of proof that R.C. 2901.05(A) places on an accused to permit Defendant to rely on the State's evidence to claim self-defense when he denied that he used any force at all, and when the State's evidence presents no basis to find that Defendant lawfully used force to protect himself, his home, or another. R.C. 2901.09(B). The trial court did not act unreasonably when it overruled Defendant's request to give the additional instruction.

{¶ 20} Defendant's first assignment of error is overruled.

SECOND ASSIGNMENT OF ERROR

{¶ 21} "THE APPELLANT'S CONVICTION FOR ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 22} A weight of the evidence argument challenges the

believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive. *State v. Hufnagle* (Sept. 6, 1996), Montgomery App. No. 15563. The proper test to apply to that inquiry is the one set forth in *State v. Martin* (1983), 20 Ohio App.3d 172, 175:

{¶ 23} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Accord: *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52.

{¶ 24} The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. *State v. DeHass* (1967), 10 Ohio St.2d 230. In *State v. Lawson* (August 22, 1997), Montgomery App. No. 16288, we observed:

{¶ 25} "Because the factfinder . . . has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the fact finder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within

the peculiar competence of the fact finder, who has seen and heard the witness."

{¶ 26} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of facts lost its way in arriving at its verdict. *State v. Bradley* (Oct. 24, 1997), Champaign App. No. 97-CA-03.

{¶ 27} Defendant argues that his conviction for assault in violation of R.C. 2903.13, knowingly causing physical harm to another, is against the manifest weight of evidence because the weight of the testimony presented by Defendant and his witnesses is such that the jury clearly lost its way in rendering a guilty verdict. Defendant points out that he testified at trial that he tried to calm Rowe down and prevent him from getting into a fight with other people, Defendant asked Rowe to leave, and Defendant emphatically denied hitting Rowe or having any physical contact with him. Jordan Price testified that he was the only person who hit Rowe. Linda Nichols testified that Defendant did not punch Rowe.

{¶ 28} On the other hand, the evidence presented by the State demonstrates that Andrew Rowe was attacked and severely beaten by three men in the basement of Defendant's residence, and that Defendant was one of the men who attacked Rowe. Rowe suffered

multiple injuries that required emergency medical treatment. Eyewitnesses testified that Defendant hit Rowe multiple times. The credibility of the witnesses and the weight to be given to their testimony were matter for the trier of facts, the jury here, to decide. *DeHass*. The jury did not lose its way simply because it chose to believe the State's witnesses, rather than Defendant and his witnesses, which it had a right to do. *Id*.

{¶ 29} Reviewing this record as a whole, we cannot say that the evidence weighs heavily against a conviction, that the trier of facts lost its way in choosing to believe the State's witnesses, or that a manifest miscarriage of justice has occurred. Defendant's conviction for assault is not against the manifest weight of the evidence.

{¶ 30} Defendant's second assignment of error is overruled. The judgment of the trial court will be affirmed.

FAIN, J. And DONOVAN, J., concur.

Copies mailed to:

Betsy A. Deeds, Esq.
Jessica R. Moss, Esq.
Hon. Beth W. Root