JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant James L. Smith ("appellant") appeals from his conviction for felonious assault. For the reasons stated below, we affirm.
 {¶ 2} This case stems from an incident that took place on March 16, 2003, inside the Long Branch Bar in Cleveland, Ohio. Appellant, along with his brother, James H. Smith ("Smith"); friend, Manuel Collazo ("Collazo"); fiance, Michelle Chlinon; mother, Delores Smith; two sisters and another friend went to the bar following their visit to the grave of appellant's father. The victim, Boyce Tripblett, Jr. ("Tripblett"), was also inside the bar with his father. Tripblett had begun to play pool with a woman he had just met, Christine Gates ("Gates").
 {¶ 3} After Gates won the game, Tripblett sat down to have a drink. Smith approached and began playing pool with Gates. Throughout the game, Smith made inappropriate comments and gestures to Gates, including placing his genitals in front of the pool table pockets in which Gates was shooting. Tripblett attempted to have Smith stop his conduct but was effectively ignored.
 {¶ 4} Following Gates' victory during this second game, Collazo approached and began playing pool with Gates. While Collazo and Gates played, Smith continued to make inappropriate comments and gestures toward Gates. Tripblett, sensing Gates was uncomfortable in the situation, again asked Smith to stop his harassing behavior. Appellant, who overheard the comment made to his brother, stated, "Don't talk to my f____ing brother that way. F____ you." Tripblett was then sucker-punched by appellant, and a fight began.
 {¶ 5} As the altercation ensued, Gates hid in the corner, understandably afraid to act. Tripblett's father, who moments earlier was having a conversation with appellant,[1] heard the commotion and went to the pool room. He witnessed appellant and another man on top of his son. He attempted to help his son but was hit on the head with a beer bottle and knocked unconscious. He does not know who hit him. Eventually, the fight was broken up by bar patrons. Appellant, Smith, and Collazo ran out of the bar shortly before the police arrived. Gates drove Tripblett to Lakewood Hospital, where he was treated for a fractured nose and where he received four stitches in his left arm and three stitches over his left eye.
 {¶ 6} On May 5, 2003, appellant, along with Smith and Collazo, were indicted on two counts of felonious assault, in violation of R.C. 2903.11. Smith and Collazo pled guilty prior to trial. On October 23, 2003, appellant's trial commenced.
 {¶ 7} Prior to trial, appellant sent a letter to the court requesting a substitution of counsel. Following the impanelment of the jury, the court addressed appellant's concerns; thereafter, appellant agreed to proceed with assigned counsel. On October 27, 2003, he was found guilty on both counts. On November 20, 2003, appellant was sentenced to four years incarceration.
 {¶ 8} Appellant timely appeals and advances three assignments of error for our review.
 I. {¶ 9} In his first assignment of error, appellant argues that "the trial court abused its discretion and denied the appellant his right to the effective assistance of counsel when it failed to make an adequate inquiry into appellant's complaint that his trial counsel was not doing an acceptable job and had appellant proceed with the same attorney." We disagree.
 {¶ 10} A defendant may raise, and the trial court must address, the issue of ineffectiveness of counsel during trial.State v. Deal (1969), 17 Ohio St.2d 17. It "* * * is the trial court's duty to put its own investigation of such an objection into the record, and thus prevent the accused from being deprived of review on the matter." Id. An abuse of discretion implies more than an error of law or judgment. It suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. In reJane Doe 1 (1991), 57 Ohio St.3d 135, 137-138.
 {¶ 11} In the case sub judice, appellant sent a letter to the trial court expressing his dissatisfaction with the representation provided to him by his assigned counsel. Primary among appellant's complaints was the lack of communication between himself and counsel. Additionally, appellant argued that counsel thought he was guilty, that he would come across badly in trial as a witness, and that he would be found guilty by a jury. Appellant contends the court's inquiry into the matter consisted only of reinforcing counsel's experience and reputation, and that due to the stress involved in a case such as this, his concern over counsel's performance was to be expected. Having reviewed the record, we find that the trial court adequately investigated appellant's concerns.
 {¶ 12} The transcript reveals that the court immediately addressed appellant upon notification from counsel of his desire to do so. The court introduced into evidence the letter that appellant had written to the court and addressed some of the inaccuracies of appellant's complaints. For instance, the court correctly stated that counsel had prepared and filed all meaningful pretrial motions; had multiple meetings with appellant; filed and received discovery; advised the prosecution of witnesses he intended to bring on appellant's behalf; and discussed with appellant the desirability of appellant as a witness.
 {¶ 13} Following its discussion with appellant on the record, the court allowed a brief recess for appellant to confer with counsel. Shortly thereafter, appellant acquiesced to proceed to trial with counsel. The trial court did not fail to properly investigate appellant's concerns. Therefore, there was no abuse of discretion.
 {¶ 14} Appellant's first assignment of error is overruled.
 II. {¶ 15} In his second assignment of error, appellant argues that "defense counsel was ineffective thereby denying appellant effective assistance of counsel as guaranteed by theSixth Amendment to the United States Constitution." Appellant's assignment of error is without merit.
 {¶ 16} In order to establish ineffective assistance of counsel, appellant must show that 1) the attorney's performance was seriously deficient, and 2) such deficiencies must have prejudiced the defense to such an extent that the results of the trial are unreliable. Strikland v. Washington (1984),466 U.S. 668. Appellant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the outcome of the trial would have been different. State v. Bradley (1989),42 Ohio St.3d 136. There is a presumption that all licensed attorneys are competent and that a challenged action or decision may be sound trial strategy. State v. Hamblin (1988), 37 Ohio St.3d 153.
 {¶ 17} In the case sub judice, appellant is critical of counsel's strategy during voir dire, wherein counsel used only two peremptory challenges and failed to remove a specific juror. Despite these arguments, appellant has failed to specify what prejudice he suffered by counsel's use of only two peremptory challenges. There is no magic number of challenges that produces a successful voir dire, and the circumstances of each case dictate trial strategy. There is nothing in the record to indicate counsel ineffectively conducted voir dire to the detriment of appellant.
 {¶ 18} In regard to the specific juror appellant feels should have been removed, we find no reasonable probability that the outcome of appellant's trial would have been different. The juror in question had difficulty understanding reasonable doubt and, when asked by counsel if he thought appellant had "done something," responded, "He wouldn't be here if he didn't." Despite these imperfections during voir dire, we find appellant has failed to show he was prejudiced.
 {¶ 19} Regarding the juror's misunderstanding of reasonable doubt, counsel spent considerable time explaining the concept to the juror, and the court assisted in explaining the presumption of innocence and the state's burden of proof. The record is not clear that the juror was without the capability of understanding the concept so as to be an effective juror or that the explanations of counsel, or the instructions given by the court, were wrong.
 {¶ 20} The juror's comment, although inappropriate, was an isolated comment and not an indicia of behavior during voir dire such that counsel's failure to challenge amounts to ineffective assistance of counsel.
 {¶ 21} Appellant's second assignment of error is overruled.
 III. {¶ 22} In his third assignment of error, appellant argues that his "conviction for felonious assault is against the manifest weight of the evidence." We disagree.
 {¶ 23} Manifest weight concerns whether the jury lost its way creating a manifest miscarriage of justice. State v. Thompkins
(1997), 78 Ohio St.3d 380. "Judgments supported by some competent credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." Whatley v. Tokheim Corp.
(Jan. 30, 1986), Cuyahoga App. No. 49407, citing C.E. Morris v.Foley Construction Co. (1978), 54 Ohio St.2d 279.
 {¶ 24} In a challenge to the manifest weight of the evidence, a court reviews the record, "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflict in the evidence, the jury clearly lost its way * * *." Thompkins, supra.
 {¶ 25} Tripblett accurately recalled the outfit appellant was wearing the night he was attacked. At trial, he was certain appellant was the individual who hit him and he identified appellant in the courtroom. Tripblett's testimony was supported by Gates, who testified that she saw appellant hit the victim, told police what had happened, and identified appellant in the courtroom. Lastly, the victim's father had no difficulty identifying appellant in the courtroom as one of the men attacking his son inside the bar.
 {¶ 26} We find the jury had competent credible evidence upon which to rely in finding appellant guilty of felonious assault.
 {¶ 27} Appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Karpinski, J., Concur.
[1] Tripblett's father knew appellant's father.