[Cite as *Garfield Hts. v. Brisbane*, 2025-Ohio-47.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF GARFIELD HEIGHTS,  :

    Plaintiff-Appellee,  :

                                     No. 113943

    v.  :

ALPHONSO S. BRISBANE,  :

    Defendant-Appellant.  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  January 9, 2025

---

Criminal Appeal from the Garfield Heights Municipal Court
Case No. TRC2300584

---

### *Appearances:*

Edward Fadel, Chief Prosecutor, City of Garfield Heights,
*for appellee.*

Alphonso S. Brisbane, *pro se.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant, Alphonso Brisbane, pro se, appeals his conviction in Garfield Heights Municipal Court for operating a motor vehicle while

intoxicated in violation of R.C. 4511.19(A)(1)(a) after he entered a no contest plea. Because we find no error in the proceedings, we affirm Brisbane's conviction.

## PROCEDURAL HISTORY AND RELEVANT FACTS

{¶ 2} On January 31, 2023, the City of Garfield Heights filed charges against Brisbane for driving under suspension in violation of Garfield City Ord. 335.07(a) and operating a vehicle while under the influence in violation of R.C. 4511.19(A)(1)(j)(vii) in two separate cases.

{¶ 3} The court docket reflects that Brisbane was arraigned on February 8, 2023. At that time, Brisbane informed the trial court he retained an attorney, entered a plea of not guilty, and signed a statement of rights form. The statement of rights form filed with the trial court contained the following waiver of speedy trial rights that Brisbane affirmatively entered:

> I have been informed by the Court that I have a constitutional right to a speedy trial, but, I hereby, In open Court, waive this right and consent to this case being continued, even if it has to be continued Indefinitely. [Sic]

{¶ 4} After the arraignment, the trial court held pretrials on March 14, 2023, and April 11, 2023. On April 13, 2023, Brisbane's counsel filed a motion for bill of particulars, discovery, a notice of prosecution's intention to use evidence, and an administrative license suspension appeal ("ALS Appeal"). On April 19, 2023, the trial court set the ALS Appeal for hearing on May 30, 2023. On May 30, 2023,

neither Brisbane nor his counsel appeared in court and the trial court continued the case to July 18, 2023.

{¶ 5} On August 11, 2023, Brisbane filed pro se a complaint for writ of mandamus and writ of procedendo against the trial court judge. Brisbane's complaint was later dismissed on October 3, 2023. *Brisbane v. DiGeronimo*, 2023-Ohio-3636 (8th Dist.). On August 15, 2023, after Brisbane filed his writ action, the trial court stayed the case pending the outcome of the writ but set a pretrial conference for September 12, 2023.

{¶ 6} On September 12, 2023, neither Brisbane nor his counsel appeared for the pretrial conference. The trial court set a show cause hearing for September 19, 2023. On September 19, 2023, the trial court held a hearing and addressed trial counsel for his and Brisbane's failure to appear, noting that of all the pretrials scheduled, Brisbane and his attorney had only appeared together for one. The trial court set the cases for trial on October 3, 2023. On the date of trial, counsel appeared but Brisbane did not. The trial court issued a capias for Brisbane's arrest.

{¶ 7} On October 18, 2023, Brisbane filed a notice of availability with the trial court indicating he was incarcerated in the Cuyahoga County Jail on a probation violation for a period of six months. On November 28, 2023, the trial court held a pretrial hearing; trial counsel did not appear and the trial court did not order Brisbane to be transported from jail. The trial court reset the matter for hearing on December 19, 2023. At that time, Brisbane was transported from jail and his counsel appeared. The trial court set the matter for a bench trial on January 18,

2024. On December 20, 2023, Brisbane filed a request for a jury trial. On December 21, 2023, the trial court reset the trial date to February 26, 2024.

{¶ 8} On January 30, 2024, Brisbane's counsel filed a motion to continue the trial due to a scheduling conflict. On February 12, 2024, the trial court granted the motion to continue and reset the trial to March 25, 2024. On February 20, 2024, Brisbane filed a pro se motion asking the trial court to recall the capias. On February 21, 2024, the trial court granted Brisbane's counsel a further continuance and reset the trial for April 22, 2024, stating there would be no further continuances granted.

{¶ 9} On February 27, 2024, Brisbane appeared before the trial court pursuant to the capias previously issued for his arrest. At that time, the trial court determined Brisbane had been incarcerated on a probation violation in another case from August 31, 2023, through February 27, 2024. The trial court recalled the capias, issued a personal bond, and set the matter for final pretrial on April 9, 2024. Brisbane appeared for the final pretrial, but his counsel did not. The trial court rescheduled the final pretrial for April 17, 2024. On April 17, 2024, Brisbane filed a pro se motion to dismiss the case for speedy trial violations.

{¶ 10} On April 18, 2024, Brisbane entered a no contest plea to operating a vehicle while under the influence in violation of R.C. 4511.019(A)(1)(a), as amended, and the city dismissed the driving under suspension charge. During the plea hearing, Brisbane stated that he was voluntarily entering the plea and that no threats or promises were made to him to induce the plea. He also stated that he was satisfied

with trial counsel's representation.  The city informed the trial court that the charge arose from police responding to an accident on December 20, 2022, and observing Brisbane staggering from the vehicle and noting that he had slurred speech, an odor of alcohol, and glassy and bloodshot eyes.  Brisbane failed a field sobriety test and later refused a breath alcohol test.

{¶ 11}  The trial court accepted the no contest plea and sentenced Brisbane to 365 days in jail, suspended 335 days, granted jail-time credit for 30 days, placed Brisbane on community-control sanctions for three years, imposed a four year driver's license suspension, terminated the ALS, and imposed a $1,000 fine.

## LAW AND ARGUMENT

{¶ 12}  Brisbane raises six assignments of error.  In three assignments of error, he argues that the trial court erred by 1) failing to hold a hearing on his ALS appeal, 2) failing to rule upon his pro se motions, and 3) abused its discretion by scheduling the matter while he was incarcerated on a separate matter.   Brisbane further alleges in his remaining assignments of error that he was denied the effective assistance of counsel and his sentence violated the prohibition against double jeopardy.

### The trial court was without jurisdiction to hold a hearing on the untimely filed ALS appeal

{¶ 13}  Within his first assignment of error,  Brisbane alleges that the trial court erred when it denied his ALS appeal without a hearing.   The city argues that

the trial court did not err by failing to hold a hearing because the ALS appeal was untimely filed.

{¶ 14} R.C. 4511.197(A) reads in relevant part that a "person may appeal the suspension at the person's initial appearance on the charge resulting from the arrest or within the period ending thirty days after the person's initial appearance on that charge, in the court in which the person will appear on that charge." Brisbane filed an ALS appeal more than 30 days after his initial appearance. Because of this, the trial court did not have jurisdiction to hear the untimely appeal and did err by failing to hold a hearing. *Westlake v. Pesta*, 2009-Ohio-4713, ¶ 5 (8th Dist.) ("If an administrative license suspension is not timely appealed, the court has no jurisdiction to consider the appeal.").

{¶ 15} The first assignment of error is overruled.

### The trial court did not err by not ruling on pro se motions filed while Brisbane was represented by counsel

{¶ 16} Within his second, third, and fourth assignments of error, Brisbane alleges that the trial court erred when it did not rule on his pro se motions to recall his capias, to compel discovery, and to dismiss the charges. As to the motion to recall the capias, he argues the trial court's decision was deliberately made to avoid speedy trial time from running because he would not enter a plea bargain. As to the motion to compel evidence, Brisbane filed that motion in his companion case. Nevertheless, Brisbane argues that a booking video would show that he did not refuse a breathalyzer test. As to the motion to dismiss, Brisbane argues that his right to a

speedy trial was violated. The city argues that the trial court did not err because it had no obligation to address Brisbane's pro se motions because he was represented by counsel.

{¶ 17} A trial court may not entertain a pro se criminal defendant's motion when that defendant was represented by counsel because a criminal defendant does not have a right to "'hybrid representation.'" *State v. Mongo*, 2015-Ohio-1139, ¶ 13 (8th Dist.), quoting *State v. Martin*, 2004-Ohio-5471, paragraph one of the syllabus. Accordingly, the issues raised in Brisbane's pro se motions were not properly before the trial court and, as such, the trial court did not abuse its discretion by failing to rule upon these motions. Further, as to the motion to dismiss based on speedy trial grounds, even had the issue been raised by counsel, Brisbane waived his right to a speedy trial in writing. *Cleveland Hts. v. Brisbane*, 2016-Ohio-4564, ¶ 39 (8th Dist.)

{¶ 18} The second, third, and fourth assignments of error are overruled.

## The trial court did not abuse its discretion in its scheduling of the case

{¶ 19} Within his fifth assignment of error, Brisbane alleges that the trial court abused its discretion when it continued to schedule pretrial hearings while he was serving a six-month sentence imposed in another case. The city argues that this assignment of error was not preserved below and Brisbane cannot complain of the trial court scheduling matters after he filed a notice of availability.

{¶ 20} "It is axiomatic that a trial court has inherent authority to manage its docket and the progress of the proceedings before it." *In re A.Z.*, 2020-Ohio-

2941, ¶ 57 (8th Dist.). The record reflects that the trial court set the case for pretrial hearings but that Brisbane, his trial counsel, or both failed to appear. After Brisbane entered a notice of availability, the trial court scheduled pretrial hearings, set the matter for trial, and granted continuances at trial counsel's request. We cannot say the scheduling of the matter was an abuse of the trial court's discretion, especially where Brisbane, his counsel, or both had failed to appear at scheduled pretrials or hearings.

{¶ 21} The fifth assignment of error is overruled.

**Brisbane did not show he received ineffective assistance of counsel**

{¶ 22} Within his sixth assignment of error, Brisbane claims he received ineffective assistance of counsel due to counsel's failure to appear in court, counsel's filing of motions for continuance, and the failure of counsel to file motions that he requested be filed. The city argues that Brisbane has not shown he would not have otherwise entered his no contest plea due to counsel's alleged deficiencies.

{¶ 23} A criminal defendant has a right to the effective assistance of counsel when deciding whether to enter a plea. *State v. Ayesta*, 2015-Ohio-1695, ¶ 14 (8th Dist.), citing *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010). When arguing ineffective assistance of counsel, a defendant has to satisfy the two-part test enunciated in *Strickland v Washington*, 466 U.S. 668 (1984), which requires the defendant to show that counsel's performance fell below an objective standard of

reasonableness and he was prejudiced by counsel's deficient performance. *Padilla* at 366-367.

{¶ 24} "In the context of constitutional challenges to guilty pleas, the prejudice prong of the test requires that the defendant show that there is a reasonable probability that were it not for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Ayesta*, 2015-Ohio-1695, ¶ 14, citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "[W]hen a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee v. United States*, 582 U.S. 357, 364-365 (2017), quoting *Hill* at 59.

{¶ 25} When entering his no contest plea, Brisbane indicated to the trial court that he was doing so voluntarily and that no threats or promises had been made to him to induce his change of plea. Further, Brisbane stated he was satisfied with the representation he received. In his briefing to the court, Brisbane lists alleged deficiencies with trial counsel but has not argued within the assignment of error or shown that but for counsel's alleged deficiencies in representation, he would not have entered his no contest plea.

{¶ 26} The sixth assignment of error is overruled.

**Brisbane's conviction is not barred by the prohibition
against double jeopardy**

{¶ 27} In the conclusion of his brief, Brisbane raises an additional argument in which he argues that because he received a six-month sentence for a probation violation in another matter after his arrest, this case was subject to dismissal as a violation of the prohibition against double jeopardy. The Double Jeopardy Clause, contained in the Fifth Amendment of the United States Constitution, states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." Double jeopardy principles protect an offender against the imposition of multiple punishments for the same offense. *State v. Martello*, 2002-Ohio-6661, ¶ 8.

{¶ 28} Although not raised as a separate assignment of error, we consider and overrule Brisbane's argument. Sanctions imposed for violating community control or probation are not considered punishment for purposes of double jeopardy. *State v. English*, 2021-Ohio-850, ¶ 25 (8th Dist.), citing *State v. Peters*, 2009-Ohio-5836, ¶ 13-14 (8th Dist.). As such, "double jeopardy does not preclude a defendant who was sanctioned for violating post-release control from being prosecuted for the same conduct." *State v. Black*, 2011-Ohio-1273, ¶ 14 (2d Dist.), citing *Martello*.

**CONCLUSION**

{¶ 29} Brisbane filed an untimely ALS appeal, and the trial court did not have jurisdiction to hear the ALS appeal. Additionally, the trial court was without

jurisdiction to hear Brisbane's pro se motions filed while he was represented by an attorney. Further, the trial court did not abuse its discretion in continuing to schedule pretrial conferences and hearings in light of Brisbane's and trial counsel's failure to appear during the pendency of the case. Although Brisbane alleged deficiencies in the representation he received from trial counsel, he has not shown that in light of the alleged deficiencies he would not have entered his no contest plea. Finally, Brisbane's conviction did not violate the prohibition against double jeopardy.

{¶ 30} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
LISA B. FORBES, J., CONCUR