[Cite as *State v. White*, 2025-Ohio-646.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

      Plaintiff- Appellee,          :

                                      No. 113897

      v.                                    :

KAMEREN WHITE,                          :

      Defendant-Appellant.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** February 27, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-685204-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mallory Buelow and Chauncey Keller, Assistant Prosecuting Attorneys, *for appellee.*

W. Scott Ramsey, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant, Kameren White ("White"), appeals from the denial of his motion to dismiss based on double-jeopardy grounds where a jury

previously acquitted him of three counts in an eight-count indictment but could not reach a verdict on the remaining charges. He assigns the following error for our review:

The lower court erred when it denied Appellant's motion to dismiss.

{¶ 2} Upon reviewing the record and the relevant law, we conclude that the trial court properly denied White's motion to dismiss. Accordingly, we affirm and remand for further proceedings.

## I. Procedural History and Relevant Facts

{¶ 3} In October, 2023, along with his codefendant, Khayree Sullivan ("Sullivan"), White was charged in an eight-count indictment in connection with the shootings of a seven-month-old child, K.L., and the child's father, E.S. The child's mother, G.L., who was also present at the time, was not injured.

{¶ 4} The indictment charged the following offenses:

1. Discharge of firearm on or near prohibited premises, in violation of R.C. 2923.162(A)(3), a felony of the first degree, with one- and three-year firearm specifications
   - did discharge a firearm upon or over a public road or highway and the violation caused serious physical harm to [E.S.]

2. Felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree, with one- and three-year firearm specifications
   - did knowingly cause serious physical harm to [E.S.]

3. Discharge of firearm on or near prohibited premises, in violation of R.C. 2923.162(A)(3), a felony of the first degree, with one- and three-year firearm specifications
   - did discharge a firearm upon or over a public road or highway and the violation caused serious physical harm to [K.L.]

4. Felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree, with one- and three-year firearm specifications
   - did knowingly cause serious physical harm to [K.L.]

5. Felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree, with one- and three-year firearm specifications
   - did knowingly cause or attempt to cause physical harm to [E.S.] by means of a deadly or dangerous ordnance, to wit: firearm

6. Felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree, with one- and three-year firearm specifications
   - did knowingly cause or attempt to cause physical harm to [K.L.] by means of a deadly or dangerous ordnance, to wit: firearm

7. Felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree, with one- and three-year firearm specifications
   - did knowingly cause or attempt to cause physical harm to [G.L.] by means of a deadly weapon or dangerous ordnance, to wit: firearm

8. Discharge of firearm on or near prohibited premises, in violation of R.C. 2923.162(A)(3), a felony of the third degree, with one- and three-year firearm specifications
   - did discharge a firearm upon or over a public road or highway and the violation created a substantial risk of physical harm to any person or caused serious physical harm to property

{¶ 5} The matter proceeded to a jury trial. The jury returned a verdict finding White not guilty of Counts 1, 2, and 7, but could not reach a verdict on the remaining counts. A mistrial was declared with respect to the remaining Counts 3, 4, 5, 6, and 8.

{¶ 6} A trial date was set for the remaining counts. Prior to trial, White and his codefendant Sullivan filed a joint motion to dismiss in Sullivan's case, CR-23-685204-A, based on a violation of double jeopardy. The trial court subsequently denied White and Sullivan's joint motion to dismiss the remaining counts. The trial

court issued a judgment entry in both White and Sullivan's cases. It is from the denial of the motion to dismiss which White now appeals.

## II. LAW AND ANALYSIS

{¶ 7} White asserts that since he was found not guilty of one count of discharge of firearm on or near prohibited premises, and two counts of felonious assault, he cannot be retried on the remaining counts in the indictment that arose from the same incident. He relies on the doctrines of collateral estoppel, res judicata, and issue preclusion in support.[1] In opposition, the State argues that since none of the remaining counts necessarily require proof of a factual issue resolved by the acquittals, the doctrines of double jeopardy and collateral estoppel do not preclude a retrial on the remaining counts. After a thorough review of the record and applicable law, we hold that remaining counts in the indictments are not barred from retrial.

### A. Standard of Review

{¶ 8} "The denial of a motion to dismiss on double jeopardy grounds is a final appealable order subject to immediate appellate review." *State v. Ferricci,* 2019-Ohio-994, ¶ 6 (8th Dist.), citing *State v. Anderson,* 2014-Ohio-542, ¶ 26. An appellate court applies a de novo standard of review when reviewing a trial court's

---

[1] While White does not specifically reference "double jeopardy" in his brief, each of these issues are a subset of the "double-jeopardy" principle.

decision to deny a motion to dismiss on double-jeopardy grounds. *State v. Mutter,* 2017-Ohio-2928, ¶ 13.

**B. Applicable law**

{¶ 9} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." The Ohio Constitution also provides that "[n]o person shall be twice put in jeopardy for the same offense." Ohio Const, art. I, § 10. The protections set forth in the Ohio and United States Constitutions are coextensive. *State v. Martello,* 2002-Ohio-6661, ¶ 7. These "principles protect an offender against the imposition of multiple punishments for the same offense." *Garfield Hts. v. Brisbane,* 2025-Ohio-47, ¶ 27 (8th Dist.) citing *Martello* at ¶ 27.

{¶ 10} Similarly, the doctrine of res judicata "involves the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *State ex rel. McCuller v. Common Pleas Court,* 2013-Ohio-4929, ¶ 15 (8th Dist.), citing *Grava v. Parkman Twp.,* 73 Ohio St.3d 379 (1995). "The United States Supreme Court has held that the rule of collateral estoppel is embodied by the Fifth Amendment guarantee against double jeopardy." *State v. Eason,* 2016-Ohio-5516, ¶ 56 (8th Dist.), citing *Ashe v. Swenson,* 397 U.S. 436 (1970). "Collateral estoppel generally refers to the acquittal prong of double jeopardy." *State v. Lovejoy,* 79 Ohio St.3d 440, 444 (1997). Simply put, collateral estoppel provides that "'[w]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot be

litigated between the same parties in any future lawsuit.'" *Id.* at 453, quoting *Ashe* at 443. However, "a mere overlap in proof between two prosecutions does not establish a double jeopardy violation." *United States v. Felix,* 503 U.S. 378, 386 (1992).

### C. Analysis — Relitigation of Factual Issues

{¶ 11} In his brief, White asserts that since he was found not guilty of Count 1 of the indictment, discharge of firearm on or near prohibited premises, the issue of whether he discharged a firearm has been fully and fairly litigated between the parties and that the doctrines of collateral estoppel, res judicata, and issue preclusion prevent the State from proceeding on the remaining discharge-of-firearm counts. He further contends that the acquittals on Counts 2 and 7 for felonious assault determined that he did not assault any person, preventing a retrial on the remaining felonious-assault counts. At oral argument, counsel for White additionally claimed that since he was found not guilty in Counts 1, 2, and 7, the jury necessarily determined that he acted in self-defense.[2] Since the jury could have reached a verdict of acquittal for multiple reasons on Counts 1, 2, and 7, White has failed to demonstrate that the jury actually decided the issues he now seeks to foreclose. As such, the remaining counts are not barred from retrial.

---

[2] The oral argument in this case was combined with Sullivan's case, 8th Dist. Cuyahoga No. 113834. Sullivan raised this argument in his brief, the State had notice of this argument, and each party was given the opportunity to address it at the combined oral argument.

{¶ 12} In *Yeager v. United States,* 557 U.S. 110 (2009), the United States Supreme Court addressed the issue of collateral estoppel arising from a jury's acquittal on some counts and failure to return a verdict on others. The Court held "where a jury verdict that 'necessarily decided' 'a critical issue of ultimate fact' in favor of the defendant, then this protects the defendant from prosecution for any charge for which that is an essential element." *Ferricci,* 2019-Ohio-994, at ¶ 15 (8th Dist.), quoting *Yeager* at 123.

{¶ 13} In conducting our analysis, we are required to "'examine the record of the prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.'" *Ferricci* at ¶ 14, quoting *Ashe,* 397 U.S. at 444. The defendant thus bears "the burden to demonstrate that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding." *Dowling v. United States,* 493 U.S. 342, 350-351 (1990).

### a. The acquittal on Count 1, discharge of firearm on or near prohibited premises, did not necessarily decide a critical issue of fact that would preclude retrial on the remaining discharge of firearm on or about prohibited premises counts

{¶ 14} Count 1 charged White with discharge of firearm on or near prohibited premises, in violation of R.C. 2923.162(A)(3), a felony of the first degree, causing serious physical harm to E.S. White's argument in his brief presumes that an acquittal on this count necessarily means that the jury determined that he did not

discharge a firearm on or near prohibited premises. At oral argument, he asserted that the acquittal demonstrated that the jury determined that he acted in self-defense. Upon a full and thorough review of the record, we conclude that while either of these findings could have accounted for the acquittal on Count 1, neither finding was necessary for an acquittal. Rather, a rational jury could have based its acquittal on Count 1 by finding that White did not cause serious physical harm to E.S.

{¶ 15} We begin our analysis by reviewing the transcript of the trial in this case. At trial White claimed that he acted in self-defense. A defendant that raises a self-defense claim admits to "all essential elements of the charged crime, but with the legal recognition that the accused's actions were justified under the circumstances." *State v. Loyed,* 2004-Ohio-3961, ¶ 32 (8th Dist.). Particularly, a defendant claiming self-defense "'concedes he had the purpose to commit the act, but asserts that he was justified in his actions.'" *State v. Davis,* 2021-Ohio-2311, ¶ 38 (8th Dist.), quoting *State v. Talley,* 2006-Ohio-5322, ¶ 45 (8th Dist.).

{¶ 16} The jury could have found that White discharged a firearm on or near a prohibited premises but was justified by acting in self-defense. The jury also could have found that White did not discharge a firearm on or near a prohibited premises, as White argued in his brief. But neither of these findings were necessary in order for the jury to acquit White on Count 1.

{¶ 17} In addition to finding that White discharged a firearm on or near a prohibited premises in Count 1, the jury was also required to find that White caused

serious physical harm to E.S. The jury reasonably could have found that E.S. did not suffer serious physical harm. In fact, at the close of the State's case, White moved the court for an acquittal pursuant to Crim.R. 29, claiming just that — that the evidence presented at trial was insufficient to support a finding that E.S. suffered serious physical harm.

{¶ 18} Upon a thorough review of the record, we conclude that the jury could have acquitted White on Count 1 for multiple reasons. White claims that the jury could have decided that he acted in self-defense, while simultaneously arguing that the jury decided that he did not discharge a firearm on or near a prohibited premises. But the jury also could have reasonably determined that White did not cause E.S. serious physical harm as the basis for acquittal. For this reason, White has failed to demonstrate the actual issue the jury decided in rendering an acquittal on Count 1.

{¶ 19} The remaining discharge-of-firearm counts (Counts 3 and 8) do not require the jury to find that White caused serious physical harm to E.S. Since the acquittal on Count 1 does not necessarily decide a fact required to support a conviction on Counts 3 or 8, the doctrines of issue preclusion, collateral estoppel, and res judicata do not bar retrial on those counts.

### b. The acquittals on Counts 2 and 7, felonious assault, did not necessarily decide a critical issue of fact that would preclude retrial on the remaining felonious-assault counts

{¶ 20} Counts 2 and 7 charged White with felonious assault, in violation of R.C. 2903.11(A)(1) and (A)(2), respectively. Count 2 required a finding that White caused serious physical harm to E.S. Count 7 required a finding that White

attempted to cause physical harm to G.L. by means of a deadly weapon or dangerous ordnance. In his brief, White asserts that since he was found not guilty of felonious assault in Counts 2 and 7, the jury determined that he had not committed a felonious assault on anyone. At oral argument, he asserted that the acquittal demonstrated that the jury determined that he acted in self-defense. Again, we disagree. As with Count 1, the jury could have found that White committed felonious assaults on E.S. and G.L. but was justified by acting in self-defense. But this finding was not necessary to support an acquittal on these counts. Rather, a reasonable jury could have based its acquittals on Counts 2 and 7 on issues not necessary for convictions on the remaining felonious assault counts (Counts 4, 5, and 6).

{¶ 21} Similar to Count 1, Count 2 required an additional finding that White caused serious physical harm to E.S. We have already determined that a reasonable jury could have determined that the evidence failed to demonstrate that E.S. suffered serious physical harm. While Counts 4, 5, and 6 may similarly be labeled felonious assault, none of them require a finding that E.S. suffered serious physical harm. As such, the jury's acquittal on Count 2 does not necessarily decide a factual issue necessary to support a conviction on Counts 4, 5, or 6.

{¶ 22} Count 7 required a finding that White knowingly caused or attempted to cause physical harm to G.L. by means of a deadly weapon or dangerous ordnance. Upon reviewing the entirety of the record, a reasonable jury could have determined that the evidence failed to support the determination that White caused or attempted to cause physical harm to G.L. It is undisputed that G.L. was the only

victim not injured in this incident. The jury could have reasonably determined that White did not cause or attempt to cause harm to G.L., resulting in an acquittal on Count 7.

{¶ 23} Furthermore, Count 7 was the only count in the indictment that pertained to G.L. A finding by the jury that White did not commit a felonious assault on G.L., does not necessarily mean the jury determined that White did not commit a felonious assault on the other victims in Counts 4, 5, or 6. Upon a thorough review of the record, we conclude that White has failed to demonstrate that the issue he wishes to foreclose, be it self-defense or a finding that he did not commit a felonious assault on anyone, was actually decided by the jury.

{¶ 24} Since White has failed to demonstrate that the acquittals on Counts 1, 2, and 7 necessarily determined an issue critical to support a conviction on the remaining counts in the indictment, the doctrines of double jeopardy, issue preclusion, collateral estoppel, and res judicata do not bar retrial on the remaining counts. White's sole assignment of error is overruled.

**III. Conclusion**

{¶ 25} We affirm the trial court's order denying White's motion to dismiss based on double-jeopardy grounds. None of the acquittals necessarily decided a factual issue that would preclude a retrial on the remaining counts set forth in the indictment. As such, the trial court properly denied White's motion to dismiss.

{¶ 26} Judgment affirmed, and case remanded.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for further proceedings.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

EILEEN A. GALLAGHER, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR